## Appeal of E. C. HUFFMAN.                    Docket No. 94.

The reorganization of a business by dissolving a corporation and transferring its capital and surplus to a partnership the members of which have the same proportionate interest results in taxable income to the stockholder notwithstanding he in fact took nothing out of the business.

Submitted October 30, 1924; decided November 8, 1924.

Thomas N. Greer, Esq., for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal arises upon petition and answer raising questions of fact and involving an individual income tax for the calendar year 1920. The evidence consisted of two depositions taken upon open commission.

### FINDINGS OF FACT.

During the calendar year 1920 the taxpayer was a stockholder in the Fayetteville Milling Co., a Tennessee corporation organized in 1910. On June 30, 1920, the corporation surrendered its charter in accordance with law and was dissolved. At the time of dissolution, the corporation had a surplus of $25,000. The taxpayer owned 30 shares of its stock out of a total outstanding of 150 shares. Deficiency is based upon the inclusion in the taxpayer's taxable net income of his proportionate share of this surplus.

At the time of the dissolution of the corporation, the stockholders entered into an agreement of partnership having the same name as the corporation to carry on the business in all respects as it had theretofore been carried on by the corporation. The same books of account were used. No actual transfer was made of any of the assets of the corporation. They remained in the business. They consisted mostly of accounts, bags, grain, and other property, but no cash. None of the stockholders actually withdrew any of the assets or took possession thereof at the time of the dissolution of the corporation, all of them acquiescing in the plan of having the possession of such assets carried over from the corporation to the partnership for the purposes of the business. All of the members of the partnership were the same as the stockholders of the corporation and their interests in the partnership were in the same proportions as in the corporation. The Commissioner asserts a deficiency of $377.90.

### DECISION.

The determination of a deficiency of $377.90 made by the Commissioner is approved.

### OPINION.

STERNHAGEN: This was a business reorganization whereby the Fayetteville Milling Co., a corporation, became the Fayetteville Milling Co., a general partnership. Since all of the assets remained in the business and nothing was actually distributed, the taxpayer, a former stockholder and later partner, claims that he received no taxable income. To him it appears that his financial interest was precisely the same after the reorganization as before. But as a matter of law, this is not so. As a stockholder of the former corporation he was not directly an owner of its assets; as a member of

the partnership he was. This legal distinction is a matter of substance and not merely of form. The Supreme Court has left no room for doubt that a corporation must be regarded for purposes of the income tax law as an entity separate and distinct from its shareholders. *Eisner* v. *Macomber*, 252 U. S. 189, 214; *United States* v. *Phellis*, 257 U. S. 156; *Cullinan* v. *Walker*, 262 U. S. 134. A general partnership existing as in this case merely by virtue of articles of agreement is expressly regarded by the Revenue Act of 1918 (sec. 218) and subsequent statutes as having no independent taxable status. When, therefore, the corporation dissolved there came immediately, in contemplation of law, into the possession and control of the stockholders all of the corporation's assets. At that moment the individual stockholder must be regarded as having received his share of these assets with whatever gain or loss their receipt entailed.

We are referred to *Lynch* v. *Turrish*, 247 U. S. 221. But in that case the Supreme Court held that under the 1913 Act a stockholder receiving a liquidation distribution in an amount no greater than the value of his stock on March 1, 1913, realized no taxable income. In the case at bar it is not contended that the amount received by the taxpayer is no more than the 1913 value of his stock. The taxpayer relies entirely upon the proposition that since there was no distribution in fact he did not in law realize income. This we think is erroneous.