Appeal of **WILLIAM E. SCRIPPS,**    Docket No. 434.
**GEORGE G. BOOTH,** and
**EDGAR B. WHITCOMB,**
**TRUSTEES** under declaration of trust executed and delivered by **JAMES E. SCRIPPS** on **May 4, 1906.**

Appeal of **GRACE SCRIPPS CLARK** and    Docket No. 536.
**REX B. CLARK, BENE-**
**FICIARIES** under declaration of trust executed and delivered by **JAMES E. SCRIPPS** on **May 4, 1906,** and under trust provided by will of **JAMES E. SCRIPPS,** executed under date of **May 14, 1906,** for and on behalf of the trust estate.

In applying section 219 of the Revenue Acts of 1918 and 1921 and determining whether the income of a trust is taxable to the fiduciary or the beneficiary all the facts and circumstances must be considered.

The income has in fact and without question since the creation of the trust and for many years been distributed periodically, *held* not taxable to the fiduciary.

Under the 1918 and 1921 acts the discretion of the fiduciary is not determinative of tax liability, and Art. 342, Reg. 45 and Reg. 62 is not controlling.

Submitted January 15, 1925; decided January 31, 1925.

*Thomas O. Long, Esq.,* for the taxpayers in Docket No. 434.
*Charles F. Hutchins, Esq.,* and *Byron C. Hanna, Esq.,* for the taxpayers in Docket No. 536.
*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.
E. Barrett Prettyman, Esq., filed a brief *amicus curiae.*

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

Both these appeals were heard on December 10, 1924, in the presence of representatives of all parties. Introduction of evidence in each case was kept separate from the other and the arguments were heard together. Since each is an appeal from the determination contained in the letter dated September 11, 1924, from the Commissioner to the trustees and attacks the deficiency in income taxes for the calendar years 1919 to 1922, inclusive, asserted therein against the trustees, they will be decided together in one decision. The reason for the beneficiaries' separate appeal, Docket No. 536, is to present considerations regarded by them as material to a proper determination by the Board which are not presented by the trustees in Docket No. 434.

## FINDINGS OF FACT.

On May 4, 1906, James E. Scripps, of Detroit, Mich., created a trust by an instrument transferring certain stock to William E. Scripps, George G. Booth, and Edgar E. Whitcomb, of Detroit, Mich., hereinafter called the trustees, and their successors, in trust for certain specified uses. The trust property then transferred consisted of 41¾ shares of the capital stock of The Evening News Association; 6,997 shares of the capital stock of The James E. Scripps Corporation; and 24 shares of the Bay City Times Co. During the years 1919 to 1922, inclusive, the trust property consisted of 6,997 shares out of a total of 7,000 shares of The James E. Scripps Corporation and 417½ shares of The Evening News Association, which latter shares were on November 27, 1922, increased by stock dividend to 46,760 shares, and which represented 83½ per cent of the total, the other 16½ per cent being owned by strangers to the trust. The original holding of 24 shares in the Bay City Times was a minority holding and was sold a few years after the trust was created.

The trust instrument contains the following provisions in respect of the income received from the trust property:

(b) I have by my last will and testament provided that my home at Trumbull Avenue, in Detroit, Michigan, shall be maintained substantially as I am now maintaining it, by my wife, Harriet J. Scripps, and that she shall during her lifetime have and enjoy the use thereof. I hereby direct my trustees above named to pay during the lifetime of my said wife, Harriet J. Scripps, all taxes of every kind levied or assessed against said property, all expenses of keeping said home and contents in substantially the same state of repair and condition that it now is in and pay to her for the purpose of defraying her living expenses in said home, a sum not less than six hundred ($600.00) dollars per month, which sum may be increased to any amount my said trustees shall deem proper, either for the maintenance of said home, or enabling my said wife to carry out any desire she may have during her lifetime.

(c) After my decease, my said trustees shall pay and distribute at least annually, and more frequently if convenient, in the administration of this trust, at least fifty (50) per cent of all of the dividends, earnings, or other income or revenue that shall come into their hands as the holders of said stocks, in equal shares, to my four children—Ellen S. Booth, Anna S. Whitcomb, Grace S. Clark, and William E. Scripps, their heirs and assigns—it being my intention and purpose that should any of said children decease before the termination of the trust created hereby, that their share of any dividends, income, or revenue thereafter accruing from the stocks above referred to, or any other stocks or property into which the same shall be converted or reinvested, shall be paid to the heirs, legatees, or assigns of such deceased child.

(d) The other fifty (50) per cent of all such dividends, income, or revenue from the stocks above referred to, or any other stocks or property into which the same may be converted or reinvested, after deducting the expenses of administering this trust and meeting the obligations imposed upon them under paragraph (b) above herein, shall be either used to improve the properties owned by the corporations in which said stock is held, or be distributed in the same manner as above specified for the other fifty (50) per cent, as the judgment and discretion of my trustees above named shall deem best—it being my intention in this regard to vest in my said trustees the power to finally determine whether such remaining fifty (50) per cent of the income accruing from said stocks and property shall be distributed as provided in paragraph (c) above, in whole or in part, or that such remaining fifty (50) per cent of such income or any part thereof be used in connection with the improvement, development, or protection of the properties owned by said corporations or properties into which the same may be converted or reinvested, provided that my said trustees shall only convert such stocks or reinvest the same in other properties of like character, to-wit, personal property.

During the years in question the income of the trust received by the trustees consisted practically entirely of dividends upon the stock mentioned and was in the following amounts:

| | |
|---|---|
| 1919 | $617, 065. 56 |
| 1920 | 743, 012. 82 |
| 1921 | 722, 511. 03 |
| 1922 | 1, 263, 922. 62 |

All of these amounts were distributed to the beneficiaries of the trust before the end of each of the tax years in which they were respectively received by the trustees, and in accordance with the following allocations to the paragraphs of the trust instrument above set forth:

| | 1919 | 1920 | 1921 | 1922 |
|---|---|---|---|---|
| Paragraph (b) | $15, 023. 97 | $19, 318. 93 | $18, 168. 62 | $18, 228. 00 |
| Paragraph (c) | 313, 635. 28 | 376, 277. 72 | 365, 829. 07 | 637, 227. 34 |
| Paragraph (d) | 288, 406. 31 | 347, 416. 17 | 338, 513. 34 | 608, 467. 28 |
| Total | 617, 065. 56 | 743, 012. 82 | 722, 511. 03 | 1, 263, 922. 62 |

Each beneficiary received his proper distributive share of these amounts and each included the entire amount so received in his income tax return as gross income received, and paid income tax upon the resulting net income. The trustees did not pay any tax upon any part of the income received by the trust estate. The Commissioner determined that in each year the amounts received by the trustees and shown above as distributed under paragraphs (b) and (c) of the trust instrument were not subject to tax against the trustees and that the amounts received and shown above under paragraph (d) were taxable to the trustees. Upon these amounts the Commissioner determined the following taxes to be due from the trustees, which are the amounts in controversy in these appeals:

| | |
|---|---|
| 1919 | $130, 553. 79 |
| 1920 | 167, 382. 19 |
| 1921 | 161, 773. 41 |
| 1922 | 275, 193. 64 |
| Total | 734, 903. 03 |

DECISION.

The deficiency determined by the Commissioner is disallowed.

OPINION.

STERNHAGEN: The appeal presents for our consideration and determination the construction of section 219 of the Revenue Act of 1918 and the same section of the Revenue Act of 1921, and particularly the application of those sections to that portion of the income received by the trustees as is covered by paragraph (d) of the trust instrument.

The Revenue Act of 1918, section 219, is as follows:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a) and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216 his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

The Revenue Act of 1921, sec. 219, subdivision (a), is identical in terms with the 1918 act. The remaining subdivisions were changed in the later act and are as follows:

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.

(f) A trust created by an employer as a part of a stock bonus or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under this section, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits that part of the amount so distributed or made available as represents the items specified in subdivisions (a) and (b) of section 216.

The income of the Scripps trust is divided into three classes in respect of its disposition—class (b), which is clearly distributable to and for the use of Harriet J. Scripps for the maintenance of herself and her home; class (c), which is clearly distributable at least annually equally among the four children; and class (d), which "shall be either used to improve the properties owned by the corporations in which said stock [the trust *res*] is held, or be distributed in the same manner as" class (c), as the judgment and discretion of the trustees should deem best. The income of classes (b) and (c) is indisputably "to be distributed to the beneficiaries periodically," as described in subdivision (a), paragraph (4), of the section, and hence has, with the approval of the Commissioner, been returned for taxation by and taxed to the beneficiaries individually as pro-

vided in subdivision (d) of the section. These amounts are not in controversy here.

It is the class (d) income which is to be considered, the Commissioner asserting as the ground for the deficiency that the trustees are subject under subdivision (c) of the section to tax upon this income, and the taxpayers asserting that the income is taxable distributively to the beneficiaries under subdivision (d) and not to the trustees. The beneficiaries, acting upon the latter theory, have included their several distributive shares in gross income in their individual returns and paid income tax thereon.

Section 219 (a) includes four classes of estates and trusts, the income of each of the first three of which is taxable as a whole to the fiduciary for the estate and of the fourth to the beneficiaries only. Of the first three classes, we are only concerned with the third, for the taxpayer here is neither a decedent estate nor a trust for unborn or unascertained persons or persons with contingent interests. Is the class (d) income "held for future distribution under the terms of the * * * trust," or is it rather "to be distributed to the beneficiaries periodically"? Certain it is that this income is subject to tax somehow, because the first clause of subdivision (a) of the section taxes all income "of any kind of property held in trust." The intendment is clear that trust income is not to escape behind any nicety of construction of the four enumerated classes. Such a question can arise for the purpose of determining not whether the income is taxable, but only whether such taxability falls in the first instance upon the trustees, with the incidence of tax upon the trust income as a whole before distribution; or directly upon the recipient beneficiaries, with the incidence of tax upon the separate share received by each. In view of the graduated surtax, the practical importance of the question can be readily seen.

Whenever taxable income is to be determined, all the facts must be considered. It may be that some of the facts are creatures of the law (*cf. Appeal of E. C. Huffman*, 1 B. T. A. 52; *Appeal of John K. Greenwood*, 1 B. T. A. 291), and are therefore not so readily apparent as phyiscal or economic facts (*cf. Appeal of Even Realty Co.*, 1 B. T. A. 355, and *Appeal of Union Metal Mfg. Co.*, 1 B. T. A. 395), but all the facts of all kinds should be recognized and weighed. It is not sufficient to look only at the abstract legal facts or only at the more concrete and tangible facts. Hence we may not in applying the statute before us look only at the trust instrument and the rights created thereby, and closing our eyes to what has happened in relation thereto, say whether the income in question is of one or the other class. The statute, it will be noted, wisely uses terms of actuality as the criteria of liability, and we must, therefore, look not alone to the bare language of the trust instrument but to the acts of the persons most interested in its correct enforcement.

Since the creation of this trust in 1906—almost 20 years—and particularly during the years since 1917, the class (d) income from the property has never been in fact withheld from the Scripps children by the trustees after its receipt, but has regularly been entirely distributed to them without delay. So far as we are advised by the record this distribution has never been the subject of doubt or question, but on the contrary has been regarded by everyone concerned as the proper duty of the trustees and the legal right of the children.

The only persons whose interests might be in any way adversely affected by such conduct, namely, the corporations in which the stock constituting the trust property is held, have raised no such question but have at all times acquiesced. How, then, can it be said that this income is "held for future distribution under the terms of the * * * trust," when it was not, and was not required or expected to be, so held? We think it clear that it is not within the class of income described in paragraphs (1), (2), or (3) of subdivision (a) of section 219 of the statute.

The question then arises whether the income of class (d) is within the category of paragraph (4) as "income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals." It is suggested that this category is not necessarily an alternative to the income of paragraph (3), and that it is possible that the class (d) income may be covered by neither paragraph; in which event our attention is called to the insertion in subdivision (c) of the 1921 act of the provision that the tax is imposed upon the fiduciary, not only as to income in paragraphs (1), (2), and (3), but also " in any other case within subdivision (a) of this section except paragraph (4) thereof." This we need not consider unless we reach the conclusion that the facts before us do not fairly bring the class (d) income within paragraph (4).

As we have already stated, the class (d) income has, in fact, since the creation of the trust been distributed to the Scripps children periodically without objection. Was it then in the years after 1917 income " to be distributed to the beneficiaries periodically "? The fact that it was so distributed; that it had for 15 years been so distributed; that no one had objected to such distribution, not even the corporations which were thereby deprived of any possibility of receiving it, is reasonably persuasive of the conclusion that it was to be so distributed. Surely it can not be said that it was *not* to be distributed. Indeed, it is suggested by the taxpayers that it is doubtful whether there is any practical way to apply the income " to improve the properties of the corporations in which said stock is held," and whether the provision is not therefore entirely innocuous. It is difficult to say whether this gives the corporations a right to demand such improvement by way of gift or loan or stock subscription and whether the children were intended to suffer a diminution of their interests thereby. Since the trust income is all derived by way of dividends from these very corporations, the question arises how they can at the same time be in a condition to demand that the trustee stockholder finance their improvement, development, and protection. Of course, if there is no way of enforcing this apparent alternative use of the income, there is an added reason for regarding it as distributable to the beneficiaries. When for many years irrespective of income tax the persons directly interested have consistently acted upon the view that the income was to be distributed, we are not inclined to recognize the right of the Government to adopt a contrary view as the basis of tax. For all other purposes and by all the parties concerned the administration of the trust has been regarded as resulting in the immediate distribution of the income to the beneficiaries, and the Government must take the situation as it finds it and impose its tax accordingly.

The Commissioner in his regulations for the administration of the law has adopted the rule that, wherever the accumulation or the distribution is placed in the discretion of the trustee, the income is taxed to the trustee irrespective of the exercise of the discretion. Art. 342, Reg. 45 and Reg. 62. This is, perhaps, a reasonable instruction for the guidance of subordinates in the bureau who, without the facts before them, must make some sort of a classification in the first instance. But it can not serve to modify the statute so as to impose a tax upon the trustees which the statute itself does not impose. If discretion were to be the test of liability of the trustee, Congress could easily have said so, as it did in the revenue act of 1924. " We can not supply the omission in the earlier act." *Smietanka* v. *First Trust & Savings Bank*, 257 U. S. 602; 42 Sup. Ct. 223.

We hold, therefore, that the income covered by paragraph (d) of the trust instrument is within the intendment of paragraph (4) of subdivision (a) of section 219 of the Revenue Acts of 1918 and 1921, and hence that in accordance with subdivision (d) of section 219 no tax was imposed upon the trustees here and no deficiency in respect thereof may properly be asserted. This makes it unnecessary, even if it were proper, for us to consider the collateral issues raised by the beneficiaries in Docket No. 536.