JOHN D. ROGERS, TRUSTEE, ESTATE OF JOHN D. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29542. Promulgated May 2, 1929.

*Mart H. Royston, Esq.*, and *Victor G. Gillingham, C. P. A.*, for the petitioner.

*L. A. Luce, Esq.*, for the respondent.

**370**

OPINION.

Milliken: The proper determination of this case requires a construction of the will and codicil of John D. Rogers, deceased, and the application of section 219 of the Revenue Acts of 1921 and 1924 to the facts.

By the terms of his will the testator created a trust and empowered the trustee to operate and manage his plantation and, after paying all costs and expenses, including taxes and trustee's compensation, to pay over the remainder annually to the named beneficiaries. Under this provision of the will alone the entire balance of the year's revenues after the payment of the expenses above specified would have been distributable to the beneficiaries and would have been allowable as a deduction to the trustee, whether actually distributed or not. But in the codicil to his will, which must be read and construed with the original will, testator made this important addition: "Furthermore, until sale of plantation, the trustee shall retain out of proceeds of each year's crop sufficient to operate plantation the following year."

When the original will is construed in connection with this codicil, as it must be, it will read substantially thus: "To control, manage and operate said plantation with power to lease or rent the whole or any part thereof from year to year, and after paying all costs and expenses, including, among other things, the cost of keeping up and maintaining improvements and equipment on said plantation and taxes, and after deducting reasonable compensation (not to exceed $500 per annum) to said company for its services hereunder and, until sale of plantation after retaining out of proceeds of each year's

crop sufficient to operate the plantation the following year, to pay over annually one-half of the rents and revenues," etc.

Under the codicil a discretion is vested in the trustee as to the amount he shall retain, but it is his positive duty to retain what is deemed necessary for the purpose indicated, and when said sum is set aside and retained it remains a part of and subject to the terms and operation of the trust. It is in no sense income of the beneficiaries, they are not entitled to it, and it is not distributable to them as such, nor was it actually so distributed.

Section 219 of the Revenue Act of 1921 provides in part as follows:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust, which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph 4 thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pur-

suant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. * * *

## Section 219 of the Revenue Act of 1924 provides in part as follows:

(a) The tax imposed by parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

 *   *    *    *    *    *    *

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year;

(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

In section 219 (a) (4), Act of 1921, it is provided that the income tax shall apply to income which is to be distributed to the beneficiaries periodically, and in (b) it is provided that the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year, and in (d) it is further provided that in cases under paragraph 4 of subdivision (a) and in case of any income of an estate during the period of adminis-

tration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not.

Similar provisions with some changes of wording in the 1924 Act are found in section 219 (a) (4), (b) (2) and (3).

In the case of an active trust such as this was, two things were necessary to entitle the trustee to a deduction from income because of distribution to beneficiaries. First, the alleged distribution should be made or authorized by the instrument creating the trust, and, second, the amount should be distributable. As we have seen, the will and codicil of the trustor not only did not authorize the distribution of the sums retained, but necessarily prohibited it. The direction that the sum retained should be used for trust purposes for the following year continued this sum in trust. Under the will and codicil the beneficiaries had no distributable interest until all costs of operation of the current year had been paid and a sum retained for operations of the following year.

In *Willcuts* v. *Ordway*, 19 Fed. (2d) 917, the Circuit Court of Appeals for the Eighth Circuit had before it the construction of these Acts, and particularly the meaning of "distribution" and "distributed." The court said in part:

In each of these acts, the intent is that annual income to a particular beneficiary from a trust estate shall be taxed to him as a separate unit of taxation where that income is "distributed" to him. "Distribution", as there used, does not necessarily mean passing into the uncontrolled possession and disposition of the beneficiary. It means separation and segregation from the trust estate so that it no longer forms any part or parcel thereof. The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of *that trust*. If this trust instrument authorized such incomes to be so separated and segregated and they were so treated in fact, the Commissioner was in error and the trial court properly overruled the demurrer to this petition and entered judgment for the refund.

Under this decision the amounts retained by petitioner clearly were not separated from the trust so as to be available to the beneficiaries, but continued subject to the original trust. This was not income distributable to the beneficiaries.

In a somewhat similar case, that of *A. W. Henn, Trustee*, 8 B. T. A. 190, where the trust instrument provided for distribution of so much of the income accruing to minor beneficiaries as was necessary or advisable in the judgment of the trustee, for their maintenance, care and education and for the accumulation of the balance, it was held

that the income distributed was not taxable to the fiduciary, but that the balance held for accumulation and future distribution was taxable to the fiduciary.

Petitioner earnestly contends that if the income retained by petitioner were taxed in his hands it would be an injustice to the beneficiaries, for if considered as distributed to them, they would be entitled to enough exemptions to avoid taxation. As we said in *Brown & Ives*, 2 B. T. A. 936, this is a situation beyond our control. We there said:

It is also argued that the Commissioner's determination that the entire income of the trust should be taxed to the trustees results in inequality and hardship, in that had the same income been received by the beneficiaries as individuals the tax would have been materially lower. This Board has no power to equalize or reduce taxes and must determine cases in accordance with the statute. Congress alone can remedy the situation to which the taxpayers object. * * *

This proceeding is clearly distinguishable from *Blair* v. *Barton*, 26 Fed. (2d) 765. In that case, under the terms of the will the trustee was directed to distribute such part of the income as she might determine to be necessary for the support, maintenance and education of certain minor children. She distributed *all* the income and the court held that the tax should be paid by the beneficiaries to whom the income was distributed. In the *Barton* case, *all* the income was distributed. In the instant case the sums in question were retained by the trustee to operate the farm.

Reviewed by the Board.

*Judgment will be entered for the respondent.*