DARBY-LYNDE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29581.     Promulgated August 11, 1930.

*Charles P. Gotwals, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

LANSDON: The single question here is whether the petitioner, a corporation, is entitled to compute depletion based on discovery

values to which its predecessor, a partnership, had an undisputed right. All material facts are admitted or proved. The parties agree that the petitioner is entitled to a deduction from its income on account of the depletion of its oil and gas reserves and differ only as to the correct basis for computing the amount thereof.

The Revenue Act of 1924 provides at section 204 (c):

The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.

Subdivision (a) of section 204 provides, in general, that the basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property, and subdivision (b) provides, in general, that such basis for property acquired prior to March 1, 1913, shall be cost or fair market value at March 1, 1913, whichever is greater.

The evidence discloses that the members of the prior partnership received stock in the petitioner substantially in proportion to their interests in such partnership; that the depletion allowance claimed is less than 50 per cent of the petitioner's net income computed without allowance for depletion, and that the allowance claimed is not less than it would be if computed without reference to discovery value. It is clear, therefore, that if the petitioner is sustained in its main contention it is entitled to deduct the full amount of depletion claimed from its income in the taxable year.

Unless petitioner comes within the exceptions set out in subdivision (c) of section 204 of the Revenue Act of 1924 it can not prevail here, and its depletion allowance for the taxable year must be computed in conformity with subdivision (a) of such section. Such exceptions are:

(1) The discoveries must have been made by the taxpayer after February 28, 1913;

(2) The properties must have been acquired otherwise than by the purchase of a proven tract or lease; and

(3) The fair market value of the property must be materially disproportionate to the cost either at date of discovery or within 30 days thereafter.

Petitioner does not contend that it discovered the gas and oil reserves in the properties in question. It admits that such discoveries were made by its predecessor, the partnership, and that it acquired the properties in exchange for its stock. It contends, however, that in the circumstances herein the partnership and the corporation are substantially the same and that in all equity the discovery values to which the partnership was unquestionably entitled should be the basis for computing depletion allowable to it. We know of no statute or decision potent to support the claim of the petitioner. In law the partnership and its successor corporation are separate entities. *Marr* v. *United States*, 45 U. S. 575. The petitioner does not come within the first exception set out above.

It is not disputed that the petitioner acquired the properties in question by the issue of its capital stock therefor after the oil and gas reserves had been proven. We have several times held that the acquisition by gift of properties containing natural resources depletable on the basis of discovery values does not entitle the donee to depletion allowances based on such values. *M. G. Thompson*, 10 B. T. A. 25; *Evangeline Gravel Co.*, 13 B. T. A. 101; *Lemuel Scarbrough et al.*, 18 B. T. A. 951. It is true that such decisions related to controversies prior to the taxable year here involved, but the Revenue Act of 1924, which must govern here, contains no provisions enlarging the class entitled to depletion allowances based on discovery values. It only more clearly sets out the basis for computing such allowances. Whether the procedure that transferred the assets of the partnership to the petitioner was a reorganization or a purchase, it is clear that the entity entitled to depletion based on discovery values was destroyed, and that its right to such allowance was not, in law, passed on to its successor. The petitioner acquired proven properties and so does not come within the second exception noted above.

There is no dispute as to the disproportion between the cost of the properties in question and the fair market value resulting from the discoveries of oil and gas thereon. This, of course, does not affect the question here at issue. The petitioner having failed to show that it comes within the exceptions set out in subdivision (c) of section 204 of the Revenue Act of 1924, it follows, under the facts herein, that its depletion allowances must be computed under subdivision (a) of such section. Cf. G. C. M. 2817, C. B. VI-2, p. 23.

*Decision will be entered for the respondent.*