*1007 OPINION.
Black :
The principal issue presented by this proceeding is whether the income of the trust is taxable to the fiduciary, who brings this proceeding, or whether it is taxable to the beneficiaries. The applicable statute is section 219 of the Revenue Act of 1924.
A correct decision of the issues in this proceeding depends upon a proper construction of the provisions of the trust deed itself. We do not think it is ambiguous. As we shall later point out, we think paragraph (e) of that part of the trust instrument labeled “ Burdens and Obligations of the Trust ” is decisive of the main issue before us.
Before entering upon a discussion of this particular provision of . the trust deed, however, we desire to consider and pass upon a contention made by petitioner in his brief, though not specifically set out in his petition. This contention is that the conveyance in the trust deed by the grantors, Luke F. Wilson and wife, to petitioner as trustee for the benefit of the designated beneficiaries, with power to lease, sell, invest, reinvest, and to ultimately distribute the trust corpus and income, was a mere irrevocable power of attorney such as we held we had before us in Trudie T. Munger, 16 B. T. A. 168, and that no separate taxable entity was created by the trust deed. Of course, if this contention is correct, then clearly the effort of the Commissioner to tax the fiduciary as a separate legal entity was wrong.
But we do not think it is correct. The trust deed contains on page 10 a provision which, we think, serves to distinguish it from the mere agency forms of trusts. The language referred to is as follows:
Said trustee shall at all times during the term hereof be entirely free from interference or molestation by each and all of the beneficiaries hereunder, and no beneficiary hereunder shall instigate or prosecute any suit in any of the *1008 courts of the country against the trustee or his successor, except for acts constituting fraud, embezzlement or willful breach of trust and no receiver of the trust estate shall in that event be appointed by any of the courts of the country, but should said trustee be found guilty of any such acts constituting fraud, embezzlement or willful breach of trust in any such suit, he shall be removed from said trust by any court having jurisdiction and the successor next provided for in the paragraph hereafter referring to successor or substitute trustee, shall thereupon succeed to such trust, but in the event the plaintiff should not prevail in said suit, then such beneficiary or beneficiaries so filing said suit, shall be charged with all of the attorney’s fees and expenses of the trustee in defending said suit, plus the sum of five thousand ($5,000) dollars, all of which shall be chargeable to such beneficiary or beneficiaries and deducted from the distributions next thereafter made, and the aforesaid $5,000 shall be distributed among the remaining beneficiaries hereunder, share and share alike.
Such a provision as we have quoted above and other provisions in the trust instrument are clearly inconsistent with a mere agency trust such as we held we had before us in Trudie T. Munger, supra, cf. N. H. Boynton, 11 B. T. A. 1352; Cleveland Trust Co., Executor, 24 B. T. A. 132; Stoddard v. Eaton, 22 Fed. (2d) 184. Petitioner’s contention on this point is denied.
Petitioner’s main contention is that the trust deed created a mandatory distributable trust; that all income for each and every year after the creation of the trust, including the year 1924, the year of the execution of the trust deed, was distributable by its very terms and that therefore the income was taxable to the beneficiaries and not to the fiduciary. Petitioner contends that, if he is wrong in the above contention, then the trust was a discretionary trust where the trustee might either accumulate income or pay or credit it to the beneficiaries within the taxable year and that the facts show that in the instant case the trustee credited to the beneficiaries, on December 31,1924, all of the income of the trust for the taxable period and that therefore the income is, by reason of section 219(b) (3), taxable to the beneficiaries and not to the trustee. We will now consider these respective contentions.
If the income was to be distributed currently by the fiduciary to the beneficiaries, then, under (b) (2) of section 219 of the ftevenue Act of 1924, the fiduciary would be entitled to take as an additional deduction all of the income so to be distributed and there would be nothing left in the hands of the fiduciary to tax. And this would be true whether the income was actually distributed or not. William E. Scripps, 1 B. T. A. 491; Estate of Henry Mayer, 16 B. T. A. 1164; Florence M. Smith, Executrix, 5 B. T. A. 225; Willcuts v. Ordway, 19 Fed. (2d) 917. On the other hand, if the income for the taxable period now before us was not to be distributed currently to the beneficiaries, there is no additional deduction under (b) (2) of section *1009 219 and the tax must be paid by the fiduciary. John D. Rogers, 16 B. T. A. 368; Anna M. Chambers, 17 B. T. A. 820.
In determining just what the situation is which we have before us, it is necessary to examine those provisions of the trust deed which are found under the heading “ Burdens and Obligations of the Trust.” These have been set out in full in our findings of fact. An examination of them will show that there were certain obligations enumerated in paragraphs (a) (b) (c) and (d) thereof which the trustee was to assume and pay. How he was to pay them and what he was to do with the remainder of the trust corpus and income was set out in paragraph (e) thereof.
It seems clear to us that the provisions of paragraph (e), above referred to, made it mandatory upon the trustee to accumulate and set aside a fund sufficient to pay all the expenses and taxes enumerated' in paragraphs (a) (b) (c) and (d). It is true that by the provisions of paragraph (e) the trustee was given the discretion to accumulate the fund from which these expenses were to be paid out of either income or proceeds of the sale of the trust corpus, or both. But his duty to accumulate the fund was not discretionary, but mandatory. If the trustee, in the exercise of his discretion, had sold enough of the trust corpus to pay these expenses and had paid or credited all the income to the beneficiaries, we think no one could have complained and the income so paid or credited would have been taxable to the beneficiaries and not to the trust.
After the payment of the burdens and obligations enumerated in paragraphs (a) (b) (c) and (d) thereof, the trust instrument undoubtedly required the trustee to make annual distribution of income. And this duty was not merely discretionary, it was mandatory. That fact is shown by the last clause of paragraph (e), which reads:
It being declared furthermore, to be the intention hereof that not only the income and revenues derived from said property shall he distributed, but likewise the proceeds of the sale of the property of the trust estate, and that each of the beneficiaries hereunder shall be liable for his or her own income taxes on all such distributions, and if the same shall be required to be paid by the fiduciary hereunder that the same shall be charged to the respective beneficiaries.
But the trustee, in the exercise of his discretion, did not sell enough of the corpus of the estate to pay these burdens and obligations of the trust enumerated in paragraphs (a) (b) (c) and (d), as he might have done. Manifestly he decided to pay them out of the income of the estate received in his hands between the period of June 10, 1924, and December 31, 1924.
True, he went through the form of crediting the 27 named beneficiaries of the estate on December 31, 1924, with all the net income *1010 of the estate after certain deductions had been taken. It is the contention of the petitioner (fiduciary that this crediting was a credit within the meaning of (b)(3), section 219 of the Eevenue Act of 1924, and hence represents an additional deduction to which petitioner is entitled within the meaning of said statute. We think this contention is correct in part and wrong in part.
It is wrong as to the part of the funds required to pay the burdens and obligations of the trust. Evidently there was no intention on the part of the trustee to ever distribute this part of the funds to the beneficiaries. As we said in John D. Rogers, Trustee, supra, concerning certain sums which the trustee had retained to operate the plantation during the following year, “ It is in no sense income of the beneficiaries. They are not entitled to it, and it is not distributable to them as such, nor was it actually so distributed.”
Of the $550,290.40 credited to the beneficiaries on December 31, 1924, $252,332.02 was actually used by the trustee in 1925 to pay burdens and obligations described in paragraphs (a) (b) (c) and (d) of the trust deed, such as the income tax of Luke F. Wilson, the gift tax due by Luke F. Wilson and wife, grantors in the trust deed, the income tax of Luke F. Wilson to the State of Missouri, etc. These amounts, as we have already endeavored to point out, were in no sense distributable to the beneficiaries, but were part of the burdens and obligations of the trust.
Petitioner is not entitled to take any part of this $252,332.02 as a deduction under (b) (3) of section 219 or any other section of the statute. He is entitled to take the remainder of the $550,290.40 credited to the beneficiaries on December 31, 1924, as an additional deduction under paragraph (b) of section 219 of the Revenue Act of 1924.
As was said in Willcuts v. Ordway, supra (speaking of a similar statute), “ Distributions as there used, does not necessarily mean passing into the uncontrolled possession and disposition of the beneficiary. It means separation and segregation from the trust estate, so that it no longer forms any part or parcel thereof. The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of that trust. If this trust instrument authorizes such income to be so separated and segregated and they were so treated in fact, the Commissioner was in error and the trial court properly overruled the demurrer to this petition and entered judgment for the refund.” The remainder of the $550,290.40, after the deduction of the $252,332.02 used in paying the burdens and obligations described in paragraphs (a) (b) (c) and (d) of the trust deed, was not actually distributed to the beneficiaries until 1925 and 1926. One hundred and thirty-five thousand dollars thereof was distributed *1011 in 1925 and the balance in 1926. But even so, we think it was separated and segregated from the trust estate when credited to the beneficiaries on December 31, 1924, sufficiently that petitioner is entitled to take such sum as an additional deduction under the provision of the statute already referred to, and respondent should so treat it in recomputing the deficiency.
We sustain respondent in his disallowance of $25,637.08 taxes, state, county and municipal, paid by the trustee. These were not taxes which accrued against the property while in the'hands of the trustee, but were taxes which had accrued prior to the conveyance to the trustee and were not proper deductions from income by the taxpayer. Grand Hotel Co., 21 B. T. A. 890; John Hancock Mutual Life Insurance Co., 10 B. T. A. 736.
Respondent’s disallowance of $893.79 as excessive depreciation is also sustained. In fact we do not understand petitioner to contest the two last named adjustments in the event the trust income is held to be taxable.
Petitioner’s contention that he is entitled to deduct depletion on a discovery basis is denied except as to the one discovery made by the taxpayer after the creation of the trust. That amount has been stipulated to be $1,743.07. Magdaline McKinney, 16 B. T. A. 804; Darby-Lynde Co. 20 B. T. A. 522; affd., 51 Fed. (2d) 32.
Petitioner’s contention that he should be allowed the benefits of the capital gain provisions of the Revenue Act of 1924 is denied on the authority of William, Kempton Johnson, 17 B. T. A. 611; affirmed in 52 Fed. (2d) 727; Sydney Shoenberg et al., 19 B. T. A. 399; affirmed by the Court of Appeals, D. C., Dec. 28, 1931 (par. 9002 C. C. H.).
Petitioner had not held the land upon which the leases were sold during the taxable year for a period of more than two years. He could not add to the period of his own holding the period of holding of the grantors.
Beviewed by the Board.

Decision will be entered under Bule 60.