ZABDIEL BRADFORD & *ux. versus* CAROLINE J. W. HAYNES.

A specific legacy is a bequest of a particular article, capable of being designated and identified.

The devise of the residue of the real estate, after the happening of a contingency, or after certain objects have been accomplished by the disposition or appropriation of portions of it, is not specific, but general.

A bequest providing for the education and maintenance of a minor son, and disposing of the residue of the estate after the payment of certain pecuniary legacies and devises, is not a specific legacy or devise ; and it is no defence to the payment of such legacies or devises, that the bequest to the son will absorb the estate.

When the testator by will directed that his minor son should be educated and supported till twenty-one years of age from his estate, and bequeathed certain pecuniary legacies to the use of other of his relatives, and the residue of his estate, which might remain in the hands of his executor, he bequeathed to his son in fee at his arrival at twenty-one years of age, or to his issue, if he should have any, in case of decease before that period, but if he should die under age and without issue, then to other relatives ; *it was held,* that the legacy to the son was not specific.

In a suit brought by a legatee to recover a legacy, *it was held,* that it was no defence in whole or in part that the estate had deteriorated in value, by losses in bad debts and by the assignment of a large portion of the personal estate to the widow, there being assets sufficient to pay the particular legacies.

THE facts in this case sufficiently appear in the opinion of the Court.

This case was argued in writing at very great length.

*W. D. Williamson,* for the defendant, referred to and commented on the following cases, to support the position that the legacy to the son of the testator was specific, and that the evidence offered should have been received. *Wyman* v. *Brigden,* 4 Mass. R. 154 ; 2 Dane's Abr. 240 ; *White* v. *Winchester,* 6 Pick. 52 ; *Farwell* v. *Jacobs,* 4 Mass. R. 634 ; *Baker* v. *Dodge,* 2 Pick. 619 ; *Hayes* v. *Seaver,* 7 Greenl. 237 ; *Hubbel* v. *Hubbel,* 9 Pick. 562 ; Toller on Executors, 339 ; 2 Dane, 250 ; *Darlington* v. *Pulteney,* Cowp. 260 ; *Harris* v. *Fly,* 7 Paige, 425 ; 2 Sel. N. P. 695 — 715 ; 1 Dane, 584 ; 4 Dane, 324 ; *Fairfax* v. *Fairfax,* 5 Cranch, 19 ; *Chapin* v. *Hastings,* 2 Pick. 361.

*J. McDonald*, for the plaintiff, cited the following authorities. St. 1821, c. 51, § 4, 7, 10, 43 ; 2 Dane's Abr. 216 ; *Scott* v. *Hancock*, 13 Mass. R. 162 ; *Jones* v. *Brown*, 1 Pick. 311 ; *Hastings* v. *Dickinson*, 7 Mass. R. 153 ; *Washburn* v. *Washburn*, 10 Pick. 374 ; *Hayes* v. *Jackson*, 6 Mass. R. 149 ; St. 1830, c. 470, § 7 ; *Webber* v. *Webber*, 6 Greenl. 128 ; *Whitney* v. *Whitney*, 14 Mass. R. 88 ; *Nelson* v. *Jaques*, 1 Greenl. 144 ; *Fay* v. *Valentine*, 8 Pick. 527 ; *Towle* v. *Lovett*, 6 Mass. R. 394 ; *Newcomb* v. *Wing & al.* 3 Pick. 170 ; 3 Bac. Abr. 482 ; 5 Ves. jr. 149 ; *White* v. *Winchester*, 6 Pick. 48 ; *Hall* v. *Cushing*, 9 Pick. 395.

The opinion of the Court was by

WHITMAN C. J. — This is a suit, instituted to recover a legacy of five hundred dollars, payable in one and two years after the decease of the testator, and by him bequeathed to the wife of the said Bradford, the defendant being the administratrix *de bonis non* of the deceased, with the will annexed. It is admitted, that the times of payment of the legacy had long since elapsed ; and that a demand therefor, had been duly made before the commencement of the suit ; and that two hundred dollars had been paid and applied towards the discharge of the same.

It seems that the testator left an estate, by the inventory of which, duly returned into the probate office, it appears, to have been of the value of $24,426,92 ; 8,584,92, of which was personal, and the residue real estate. There are in the will sundry legacies, of specific articles, of the personal estate, amounting per inventory to $565,00. The defendant, who is the widow of the testator, waived the provision made for her in the will ; and the judge of probate assigned to her $3569,69, of the personal estate, as inventoried ; and the use and improvement of one third part of the real estate as and for her dower.

The testator, in his will, directed that his minor son, then about five years old, should be educated, and supported, till twenty-one years of age, from his estate ; and bequeathed one

other legacy, of $1200, to the use of others of his relatives. The residue of his estate, which might remain in the hands of his executor, or his substitute and successor, he bequeathed to his son in fee, at his arrival at twenty-one years of age, or to his issue, if any he should have, in case of his decease before that period. But if he should die under age, and without issue, then to certain relatives of the testator. And he bequeathed his whole estate, with the exception of the specific legacies before named, to the executor named in his will, and to any successor to be appointed in his stead, by the judge of probate, in trust, to sell and dispose of as he might think proper, with the exception of the homestead of the testator, which has been set off to the defendant towards her dower, for the purposes named in the will, viz., to pay debts and legacies, and for the support of his son ; and also to pay certain bequests to the defendant, in lieu of dower, which she waived, as before stated. The defendant is the successor, duly appointed, to the executor named in the will.

The defence set up is, that there are not assets remaining sufficient to allow of the payment of more than has been paid, if so much. She contends that the bequests, providing for the education and maintenance of the son, and of the residue remaining on his arrival at twenty-one years of age, &c. are in the nature of specific legacies and devises ; and, being such, that they will absorb all that remains of the estate in her hands ; and even require that the plaintiffs should refund a portion of what has been by them received. To support this branch of her defence, her counsel cites numerous authorities ; but the Court is unable to discern that they do, in anywise tend to that purpose.

In the first place it may be remarked, that the general leaning of courts is against making legacies specific, so as to avoid a contribution, in case of a deficiency of assets. 3 Desauss, 373. *Walton* v. *Walton,* 7 Johns. Ch. R. 258. In the present case nothing can be clearer, to the view of the Court, than, that the bequests made in favor of the son, have none of the characteristics of specific legacies and devises. A specific

legacy, as its term imports, is a bequest of a particular article or articles, capable of being designated and identified. *Purse* v. *Snaplin*, 1 Atk. 508. And again, particular legatees are always preferred before residuary legatees. *Ibid.* And the devise of real estate, to be specific, must designate the particular estate intended to be devised, or be in such terms that it can be ascertained what particular estate is in view, by the testator. The devise of the residue of the real estate remaining after the happening of a contingency, or after certain objects have been accomplished by the disposition or appropriation of portions of it, is not specific, but general. 2 Comyn, 582. Hayw. 228.

It is moreover insisted by the defendant, that the estate of the testator has become deteriorated in value, and lessened in quantity, by the general depression in value of estates, and by losses in bad debts; and by the assignment of a large portion of the personal estate, and of dower in the real estate to herself; and she complains that she was not permitted to give evidence on the trial of the two first items; and that, if such evidence had been admitted, it would have appeared, that there must, at least, be an apportionment of a remnant only, of the estate among the legatees. But on looking into the evidence in the case, the defendant does not seem to be borne out in her premises, and of course not, in her conclusions. If the evidence offered had been admitted, and had been effectual to the full extent contended for, there would still have remained assets sufficient to pay the two particular legacies. This state of the case renders it unnecessary to consider whether the evidence rejected should have been admitted or not.

We have therefore come to the conclusion, that judgment must be entered on the default, in conformity to the agreement of the parties, for the amount of the legacy claimed, with interest from the times when payable, by the terms of the will, deducting what has been paid, with interest thereon from the time of payment.