MELVILLE G. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17452. Promulgated January 19, 1928.

*Herman Muhlherr, C. P. A.,* and *Camden R. McAtee, Esq.,* for the petitioner.

*Bruce A. Low, Esq.,* for the respondent.

OPINION.

MILLIKEN: The facts were stipulated and our findings of fact are in exact accordance with the stipulation. Section 214 of the Revenue Act of 1921, in part reads:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(10) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided,* That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: *Provided further,* That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter: *And provided further,* That such depletion allowance based on discovery value shall not exceed the net income, computed without allowance for depletion, from the property upon which the discovery is made, except where such net income so computed is less than the depletion allowance based on cost or fair market value as of March 1, 1913; such reasonable allowance in all the above cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

Pursuant to the authority granted in the above section, respondent promulgated article 220 (a) of Regulations 62, which, in part, provides:

(1) For the purpose of sections 214 (a) (10) and 234 (a) (9) of the Revenue Act of 1921, an oil or gas well may be said to be discovered when there is either a natural exposure of oil or gas, or a drilling that discloses the actual and physical presence of oil or gas in quantities sufficient to justify commercial exploitation. Quantities sufficient to justify commercial exploitation are deemed to exist when the quantity and quality of the oil or gas so recovered from the well are such as to afford a reasonable expectation of at least returning the capital invested in such well through the sale of the oil or gas, or both to be derived therefrom.

(2) A proven tract or lease may be a part of the whole of a proven area. A proven area for the purposes of this statute shall be presumed to be that portion of the productive sand or zone or reservoir included in a square surface area of 160 acres having as its center the mouth of a well producing oil and/or gas in commercial quantities. In other words, a producing well shall be presumed to prove that portion of a given sand, zone, or reservoir which is included in an area of 160 acres of land, *regardless of private boundaries.* The center of such square area shall be the mouth of the well, and its sides shall be parallel to the section lines established by the United States system of public-land surveys in the district in which it is located. Where a district is not covered by the United States land surveys the sides of said area shall run north and south, east and west.

So much of a taxpayer's tract or lease which lies within an area proven either by himself or by another is " a proven tract or lease " as contemplated by the statute, and the discovery of a well thereon will not entitle such taxpayer

to revalue such well for the purpose of depletion allowances, unless the tract or lease had been acquired before it became proven.

The parties have stipulated that by reason of the gift from his father, petitioner became the "lessor owner of an undivided 1/16th royalty interest in said lease." While the stipulation is ambiguous, it appears that petitioner acquired, by gift, something more than a right to the royalties when and as they accrued, since he is a "lessor owner." Such being the case, he is entitled to deduct depletion allowances if there is a proper basis for such allowances. The questions, whether petitioner is entitled to this deduction on the basis of the cost, if any, of such interest to his father, or on the value of the gift on the date it was made, are not presented in this proceeding and if they were, there are no facts upon which we could base a determination as to what either basis was. The sole issue presented by the pleadings and the stipulation is whether petitioner is entitled to discovery value for depletion purposes under the provisions of section 214 above quoted.

The first issue that presents itself is whether the whole or any part of the 80-acre tract acquired by petitioner's father was "proven," within the meaning of that word as used in the statute, on January 19, 1921, the day on which the producing well was brought in on the adjoining tract. On this point the stipulation confines itself to the statement that the above referred to well was located about 400 feet from the Thompson property. Upon the facts stipulated, it is clear that a part of the Thompson property was proven on January 19, 1921, but how much thereof we are unable to determine. Respondent has refused petitioner the benefit of discovery value on the ground that petitioner acquired his rights after discovery had been made on the adjoining tract. Since the burden rests on petitioner to overcome respondent's determination and since he could easily have demonstrated error by showing, if such was the fact, that the Thompson well was not within the area proven by the well on the adjoining property, we must assume, in the absence of such evidence, that the well on the Thompson tract was within such proven area.

At this juncture, we are met with the contention that, since respondent has determined petitioner's father was entitled to a revaluation, it follows that no part of the 80-acre tract was proven. This does not follow, for the reason that the father was entitled under the regulation to this benefit on the ground that he had acquired the tract prior to the discovery of oil on the adjoining property. There is no conflict between the two determinations since petitioner purchased his interest in the lease after discovery.

Having reached the conclusion that at the time petitioner acquired his interest in the lease, the same had been proven, the question arises whether petitioner, under those circumstances, was a member of the

class entitled to the exceptional benefit of a revaluation for depletion purposes. He contends that he was for two reasons: First, he asserts that even admitting that he acquired his interest after the lease had been proven, yet he did not acquire it by "purchase," and, second, that since under section 202 (a) (2) of the Revenue Act of 1921 the basis upon which gain or loss derived from a sale or other disposition of his gift was to be computed, was the same as though the gift had remained the property of his father, therefore, he is entitled to the same depletion allowance.

In deciding the first question, it is well to look into the history of the provision. The right to a revaluation based on discovery value is first found in section 214 (a) (10) of the Revenue Act of 1918. The only difference between section 214 (a) (10) of the Revenue Act of 1918 and section 214 (a) (10) of the Revenue Act of 1921 is that the third proviso to the paragraph as found in the latter Act contains an additional limitation which is not material to the question involved. The Revenue Act of 1918 contained no provision equivalent to section 202 (a) (2) of the Revenue Act of 1921. So the issues are whether petitioner is entitled to this benefit solely under section 214 (a) (10) as found in both Acts and, if not, whether section 202 (a) (2) of the Act of 1921 enlarges the class created by section 214 (a) (10). Section 214 (a) (10) as found in the prior Act and as also found in the later Act, grants in the case of mines, oil and gas wells, other natural deposits and timber, " a *reasonable* allowance for depletion." The statute then extends, under certain limitations, a greater allowance, that is, depletion based on discovery value to the taxpayer who discovered the oil or gas. There must have been a good reason for enlarging an allowance which was already "reasonable" and that reason is found in the term "discovered by the taxpayer." This view is confirmed by the report of the Finance Committee of the Senate on the bill which became the Revenue Act of 1918, where it was stated that it was the purpose of sections 211 (b) and 214 (a) (10) "to stimulate prospecting and exploration."

Looking to the words of the statute to discover what persons are included in this favored class, we find that the benefit is extended only to the taxpayer who makes a discovery and that this term is enlarged to include, in the case of leases, both lessor and lessee. This is followed by the limitation that the benefit shall not be extended to one who " acquired as the result of purchase " a proven tract or lease. In construing section 214 (a) (10) we perceive no reason why the word " purchase " does not include acquisition by gift. If Congress had intended that this word should mean " purchase for value," it could easily have used that well known term. We should not write

the words " for value " into the statute unless we find other provisions therein which strongly indicate that such was the intention of Congress. We find nothing in the section under consideration which indicates any such purpose. On the other hand, we find that the purpose of the provision was to encourage discovery and that its benefits were limited to taxpayers who discovered and included a lessor in the class where the discovery was made by his lessee. Should this privilege be extended to one who made no discovery and who in no way represented the discovering taxpayer at the date of discovery? It is clear that one who purchases for valuable consideration a proven tract or lease is not entitled to this benefit. It is unreasonable to presume that Congress would deny this right to one who acquired a proven tract or lease for value, whether little or much, and give it to one who paid nothing. No good reason can be given for such a classification. On the other hand it seems clear that to so extend the benefit would violate both the letter and the spirit of the statute.

The only change made by the Revenue Act of 1921, which in any way affects the question here presented, is found in section 202 of that Act. This section provides in part:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. \* \* \*

It is only by implication that it can be said that the above provision extends the class of beneficiaries of the right to discovery value provided in section 214 (a) (10). It is hard to perceive how a section, which provides only for the bases on which gain or loss derived from sales or other dispositions of property is to be ascertained, can enlarge a class which is defined in another section, which had an established meaning in the previous statute from which the provision was copied.

It is first to be noted that petitioner has neither sold nor disposed of his interest in the lease. Petitioner suggests: " This section is pertinent because of the ' other disposition of property ' in this case represented by the depletion of the oil owned by petitioner through the withdrawals of same made by the operating lessee." There is no merit in this contention since section 202 has to do solely with the computation of gain or loss to be determined upon the various bases therein provided. In the case of mineral leases, all the minerals extracted constitute gross income and therefore there is an entire absence of any basis whatever. See *Henry L. Berg*, 6 B. T. A. 1287.

The sole purpose of section 202 was to declare what was the "basis" for computation of gain or loss on sales or other dispositions of property. In *Even Realty Co.*, 1 B. T. A. 355, we said:

We have no hesitation in holding that Congress in using the word *basis* meant nothing but *starting point* or *primary figure* in the computation of gain or loss, and had no intention of restricting that computation to a simple subtraction of the basis from the selling price or vice versa. \* \* \*

Section 202 makes no provision relative to depletion or depreciation. These elements are taken into consideration in determining gain or loss arising from sales only because they are in the nature of a return of the capital invested by the taxpayer. Cf. *United States* v. *Ludey*, 274 U. S. 295; 6 Am. Fed. Tax Rep. 6754. Therefore, petitioner must look elsewhere for his right to this benefit.

Section 202 (a) (2) provides in effect that the basis for determining gain or loss from the sale of a gift shall be the same as it would have been in the hands of the donor. This provision was held to be constitutional by a divided court in *Bowers* v. *Taft* (C. C. A.), 20 Fed. (2d) 561; 6 Am. Fed. Tax Rep. 6871, and petition for certiorari has been granted by the Supreme Court. In view of the conclusion we have reached, we will assume for the purpose of this opinion, that the decision of the Circuit Court of Appeals was correct. Since the section provides that the basis for computing gain upon a sale or disposition of property is that which it would have been in the hands of a donor, let us look to the question what would be the basis in this case for the determination of gain or loss arising from a sale by the petitioner. The only bases provided by section 202 are cost, value on March 1, 1913, and value at date of acquisition. In the case of gifts, it is the cost or value on the date the donor acquired the subject of the gift. It is at once apparent that discovery value did not exist at the date the father acquired the tract and this fact eliminates such value from any computation of gain or loss arising from a sale or disposition by the petitioner. Besides, discovery value has no place whatever in such a computation. Provision is made in section 211 (b) to lessen the tax on abnormal gain in such a case. See *Anna Taylor*, 3 B. T. A. 1201, and *S. T. Hunt*, 4 B. T. A. 1077. It seems clear therefore that section 202 (a) (2) does not enlarge the class to whom section 214 (a) (10) grants the right of revaluation for discovery purposes. That class is the same in both the Revenue Acts of 1918 and 1921 and we are of the opinion that under the facts of this proceeding the petitioner is not entitled to the benefit of discovery value for the purpose of depletion.

Reviewed by the Board.

*Judgment will be entered for respondent.*

GREEN concurs in the result.

SIEFKIN, dissenting: It seems to me that the result of the above opinion is correct if it can rest upon the broad ground that depletion based upon discovery value was intended to be given only to the discoverer, but that it is wrong if it is necessary to the decision to hold that the word "purchase" includes acquisition by gift. It seems clear to me that it does not.