# 804

MAGDALINE MCKINNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JULIA M. SOWELL (NEE JULIA M. BERTHELSEN), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BERTHEL S. BERTHELSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THOMAS BERTHELSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNA L. BERTHELSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHRISTINE B. EDLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22322–22326, 22700.   Promulgated May 29, 1929.

*A. M. Blackmon, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

PHILLIPS: The petitioners claim that, having each received the one sixty-fourth royalty interest in question as a gift, the same became capital and no part can constitute taxable income in their hands until the value of the gift is returned. They further contend that no part of the increment in value accruing prior to their acquisition can be taxed to them. These contentions are effectively disposed of in *New Creek Co.* v. *Lederer*, 295 Fed. 433; certiorari denied, 265 U. S. 581; and *Taft* v. *Bowers*, 278 U. S. 470.

It is urged by petitioners that if royalties are to be included as income, depletion is to be based upon the discovery value which the donor might have used. That such value is not available to the donee has been decided by this Board in *Melville G. Thompson*, 10 B. T. A. 25.

It is next urged that depletion is to be allowed upon the basis of the capital value of the gift when acquired by petitioners. There is no doubt that such a value constituted the basis on which depreciation was computed prior to the Revenue Act of 1921. *Harry W. Bockoff*, 3 B. T. A. 560; *The Hub, Inc.*, 3 B. T. A. 1259. "In essence, the deduction for depletion does not differ from the deduction for depreciation," *United States* v. *Ludey*, 274 U. S. 295. We are, therefore, of the opinion that unless, as the respondent contends, section 202 (a) (2) of the Revenue Act of 1921 changes the situation, depletion is to be based upon the value of the property when received by these petitioners. The section in question provides:

That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*       \*       \*       \*       \*       \*       \* .

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. \* \* \*

It is contended by counsel for respondent that the basis for computing depletion is the same as that for computing gain or loss; *Abraham B. Johnson*, 7 B. T. A. 820, 829; *Lisk Manufacturing Co.*, 15 B. T. A. 1048, and that the petitioners must use for depletion the basis which the donor would use in computing gain or loss. The cases cited lend support to the respondent's position. There are, however, other considerations which lead us to believe that the paragraph quoted does not control in the case of depletion claimed under the 1921 Act. The reports of the Congressional Committees (67th Cong., 1st sess., H. R. 350; S. 275) disclose that the paragraph in question

was added for the purpose of subjecting gains to income tax and preventing evasion by means of gifts. The provision was designed to deal with a sale by the donee, and there is nothing to indicate that Congress intended that it should affect the basis for depletion deductions. The provisions of the Revenue Act of 1921 with respect to depletion are, so far as is here material, the same as are contained in the Revenue Act of 1918. Sec. 214(a) (10). It provided that the allowance for depletion should be based upon cost, with the exceptions therein noted. Since the section fixes the basis on which depletion is to be allowed, there is no necessity of referring to other sections to fix the basis. That basis is cost, and cost of property to a donee or legatee has been construed to be its value when received. *Gilbert Butler*, 4 B. T. A. 756; *The Hub, Inc., supra; F. W. Mathiessen, Jr.*, 2 B. T. A. 921; *Mathiessen* v. *United States*, 65 Ct. Cls. 484; *Heiner* v. *Tindle*, 276 U. S. 582. While the question is by no means free from doubt, we are of the opinion that the Revenue Act of 1921 did not change the basis on which depletion was to be computed and that these petitioners are entitled to deductions for depletion in 1922 and 1923 based upon the fair market value of the property when received.

The revenue Act of 1924 expressly provides in section 204 (c) that the basis upon which depletion is allowed in respect of any property shall be the same as is provided in subdivisions (a) and (b) of that section for the purpose of determining gain or loss upon the sale or other disposition of such property. Subdivision (a) (2) of that section is the same as the similarly numbered subdivision of the 1921 Act, quoted above. The basis for computing gain or loss on a sale by the donor would be the cost of the property to him. The basis to be used by a donee in the computation of a depletion allowance under the 1924 Act must be the same. It is not shown that there was any cost to the donor and the action of the respondent with respect to depletion allowance for that year must be affirmed.

What we have said above with respect to depletion does not apply in the case of Christine B. Edling. This petitioner sold her property in 1922. The gain is measurable in accordance with the provisions of section 202 (a) (2), being the difference between the sales price and the cost of the property to the donor. *Taft* v. *Bowers*, *supra*.

The petitioner Edling presents an additional issue, alleging that she is entitled to the computation of the tax upon profits realized from the sale of her interest at the rate of 12½ per cent under the provisions of section 206 of the Revenue Act of 1921. In denying this contention it need only be stated that the petition and the stipulation of facts show that the property was acquired and sold within

the year 1922, and, therefore, was not " held by the taxpayer  *  *  * for more than two years " as is required for the computation of the tax under section 206.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

LOVE dissents.

---

SMITH, dissenting: I dissent from so much of the opinion of the Board as holds that the basis for computing the allowance for depletion is the value at the date of the gift rather than the cost to the donor. If the petitioners had sold the property acquired by gift the basis for the computation of the gain or loss would have been the cost to the donor. In the operation of petitioners' properties they were sold piecemeal. *United States* v. *Ludey*, 274 U. S. 295. I can not see the logic of computing the gain on the sale of a part of the property on a different basis from that used in computing the profit or loss on the sale of the entire property.

GREEN concurs in this dissent.