## S. B. DANIEL AND CHARLES R. DANIEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20036, 20037, 22044. Promulgated June 5, 1929.

*Robert Ash, Esq.*, for the petitioners.
*Frank Easby-Smith, Esq.*, for the respondent.

**OPINION.**

Milliken: Respondent has allowed depletion deductions to these petitioners on a mineral value of $50,000. He considered that such sum represented the cost for depletion purposes to the petitioners of the 600 acres of land in question. Petitioners claim the right to depletion deductions on a mineral value of $150,000.

In conformity with our decision in *Melville G. Thompson*, 10 B. T. A. 25, we hold that the petitioners are not entitled to depletion based upon discovery value. Depletion based upon such a value is available only to the father and mother of petitioners.

In our recent decision in *McKinney et al.*, 16 B. T. A. 804, we held that under the Revenue Act of 1921 the donee of an oil and gas lease was entitled to depletion upon the basis of the fair market value of the lease when acquired and should not be required to take depletion deductions based upon cost to the donors.

On December 28, 1921, the petitioners acquired by gift a two-thirds interest in the property in question and purchased for $50,000 the remaining one-third interest. Prior to the above named date but approximately at the same time, the father and mother of petitioners had been offered $150,000 in cash for the property. We think such cash offer, together with the outright purchase for $50,000 of a one-third interest, is sufficient to establish a fair market value for the property in question of $150,000, and under our decision in *McKinney et al.*, *supra*, petitioners are entitled to depletion on the mineral value of $150,000 instead of $50,000 as established by the respondent.

*Judgment will be entered under Rule 50.*