> *Further proceedings herein will be had under Rule 62 (c) and (d).*

WILLIAM KEMPTON JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25794, 34763. Promulgated September 27, 1929.

*Eugene L. Garey, Esq.,* for the petitioner.
*Brooks Fullerton, Esq.,* and *W. F. Gibbs, Esq.,* for the respondent.

612

OPINION.

SMITH: Section 202 of the Revenue Act of 1921, as far as is material to the disposition of these proceedings, provides as follows:

(a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the

donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market · price or value of such property at the time of such acquisition.

In the instant proceedings the petitioner acquired property by gift after December 31, 1920, and he contends that he should include in income only the difference between the value of the property at the time it was acquired by him and the selling price and bases his contention on the ground that the above quoted provisions of the Revenue Act of 1921 are unconstitutional in so far as they relate to the basis of determining gain or loss from the sale of property acquired by gift after December 31, 1920. On brief, counsel for the petitioner contends that the instant proceedings are distinguishable from *Taft* v. *Bowers*, 278 U. S. 470, wherein the Supreme Court held section 202(a)(2) of the Revenue Act of 1921 to be constitutional, on the ground that here the gift was made prior to the enactment of the Revenue Act of 1921, and urges upon us the reasoning of the Supreme Court in its decisions in *Blodgett* v. *Holden*, 275 U. S. 142, and *Untermyer* v. *Anderson*, 276 U. S. 440, relating to the constitutionality of certain retroactive gift-tax provisions of the Revenue Act of 1924.

Counsel for respondent relies upon *Taft* v. *Bowers*, *supra*, and states in his brief that:

Those cases are decisive of these appeals. In the *Taft* case the gifts were made after the date, November 23, 1921, of the enactment of the Revenue Act of 1921, but in the *Greenway* case one gift was received by Greenway on March 29, 1921. This fact does not appear in the decisions of the District Court, the Circuit Court of Appeals, or the Supreme Court. * * *

(See also page 5, printed Transcript of Record, *Bowers* v. *Greenway*, Circuit Court of Appeals, Second Circuit, October term 1926, No. 294.)

We appreciate the ingeniousness of the argument made on behalf of the petitioner, but the provisions of law here under consideration relate to the imposition of an income tax and we are of the opinion that the constitutionality of retroactive Federal income-tax legislation has been settled by the Supreme Court in *Brushaber* v. *Union Pacific Railroad Co.*, 240 U. S. 1. Cf. *Lynch* v. *Hornby*, 247 U. S. 339. Consequently the first issue must be resolved against

the petitioner on the authority of the *Brushaber* and *Taft* cases, *supra*. Cf. *Cooper* v. *United States*, Court of Claims, May 6, 1929; *Melville G. Thompson*, 10 B. T. A. 25; and *Richard T. Keeley*, 15 B. T. A. 804.

However, the petitioner further contends in the alternative that the property sold constituted a capital asset, although it was not held by him for a period of two years prior to the sale, basing his contention upon the theory that, if the basis for determining gain or loss is the cost of the property to the donor, he should be permitted to add the time the property was held by the donor to the time that he held it himself in computing the period required by section 206 (a) (6) of the Revenue Act of 1921, which provides as follows:

(a) That for the purpose of this title:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

One of the issues presented in *Magdaline McKinney et al.*, 16 B. T. A. 804; was whether one of the petitioners was entitled to have the profit realized from the sale of certain property in the year 1922 taxed under the provisions of section 206 of the Revenue Act of 1921. In deciding that case we said:

\* \* \* In denying this contention it need only be stated that the petition and the stipulation of facts show that the property was acquired and sold within the year 1922, and, therefore, was not "held by the taxpayer \* \* \* for more than two years" as is required for the computation of the tax under section 206.

It is obvious that the 1,000 shares of Allied Chemical & Dye Co. common stock sold by the petitioner in 1922 could not have been held by him for more than two years, since it was acquired by him in 1921. We are not insensible to the expediency of the theory underlying the argument advanced on behalf of the petitioner, but we are of the opinion that property in order to constitute a capital asset within the meaning of section 206 (a) (6) of the Revenue Act of 1921 must have been actually acquired and held by the taxpayer himself for profit or investment for more than two years.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MARQUETTE and MURDOCK concur in the result.