*400 OPINION.
Lora:
In light of Taft v. Bowers, 278 U. S. 470, the petitioners have abandoned their contention relative to the constitutionality of section 202 (a) (2) of the Revenue Act of 1921.
The alternative contention of the petitioners is that the profit derived upon sale of the stock should be taxed at the 12½ per cent rate prescribed by section 206 (a) (6) of the Revenue Act of 1921. In effect the petitioners contend that if the basis for determining their gain or loss is the cost of the stock to the donor they should be permitted to add the time that the stock was held by donor to the time it was held by them in computing the two-year period required by section 206 (a) (6).
In Magdaline McKinney et al., 16 B. T. A. 804, we considered the same question under the same provision of statute. We there said:
* * * In denying this contention it need only be.stated that the petition and the stipulation of facts show that the property was acquired and sold within the year 1922, and, therefore, was not “ held by the taxpayer * * * for more than two years ” as is required for the computation of the tax under section 206.
And in discussing the petitioners’ contention that the time the property was held by the donor should be added to the time that *401 the donee held it before sale, in computation of the two-year period mentioned in section 206 (a) (6), we said in William Kempton Johnson, 17 B. T. A. 611:
* * * We are not insensible to the expediency of the theory underlying the argument advanced on behalf of the petitioner, but we are of the opinion that property in order to constitute a capital asset within the meaning of section 206 (a) (6) of the Revenue Act of 1921 must have been actually acquired and held by the taxpayer himself for profit or investment for more than two years.
Reviewed by the Board.

Judgment will he entered for the respondent.

TRussell and Seawell dissent.