THE OLD COLONY TRUST COMPANY, EXECUTOR, ESTATE OF GUY W. CURRIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55317. Promulgated June 20, 1933.

*Alfred P. Lowell, Esq.,* and *J. Bond Smith, Esq.,* for the petitioner. *Philip M. Clark, Esq.,* and *Stanley B. Pierson, Esq.,* for the respondent.

#### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency of $88,463.49 in the decedent's income tax for 1928. The only issue is whether the sale of certain stock in 1928 was a sale of capital assets. The respondent affirmatively alleges that he erroneously computed the profit upon the sale, subject to normal and surtax, and duly asserts

claim to any increased deficiency that may result from our redetermination. The case has been submitted upon the following stipulation:

1. One Joseph P. Kennedy, having negotiated for the purchase of 40,000 shares of Class-A common stock of a corporation then known as R. C. Pictures Corporation, and 8,000 shares of its preferred stock, Class B, for an aggregate price of $1,160,000.00, made an agreement at some time during January or the early days of February, 1926, with Currier. Under the terms of that agreement Currier was to participate with said Kennedy in the purchase of said shares on a basis of 25 percent and 75 percent, respectively. On February 5, 1926, said Kennedy purchased the aforementioned shares under the terms of a written contract bearing that date, and shortly thereafter Currier paid to Kennedy the sum of $112,500.00, representing 25% of the cash sum paid by Kennedy under the terms of the said contract.

2. On July 7, 1926, Currier and said Kennedy jointly purchased 7,500 shares of the Class B common stock of the said R.C. Pictures Corporation at $4.00 per share from persons named Thompson and Poucher; and on or before July 21, 1926, Currier and Kennedy had agreed upon a 50-50 basis of participation with respect to all of the transactions described herein; and in pursuance of said agreement, and on that date or within a few days thereafter an adjustment was made between Currier and said Kennedy whereby Currier paid to Kennedy one-half of the cash consideration involved in the initial purchase of February 5, 1926. Acting in pursuance of the said agreement, on November 18, 1926, Currier and Kennedy jointly purchased an additional 2,500 shares of the Class B common stock at $12.00 per share from a Miss Williams.

3. The name of R.C. Pictures Corporation was subsequently changed to F.B.O. Productions, Inc., and said corporation is hereinafter referred to by that name.

4. Prior to October 1927, Currier and Kennedy had acquired jointly in equal shares at a cost of $30,000 the rights in a motion picture known as "The Moon of Israel." The contract for said rights was in the name of Kennedy. In October 1927, they caused to be organized a corporation under the name of The Gower Street Company. The corporation issued five shares each to Currier and Kennedy for cash at $100 per share. Thereafter, in December 1927, Kennedy transferred the rights in "The Moon of Israel," to The Gower Street Company and the Company issued therefor 300 shares, 150 of which were thereupon transferred to Currier. Concurrently with the assignment of the contract, The Gower Street Company made a contract for the distribution of said picture with F.B.O. Productions, Inc. The activities of The Gower Street Company during the period herein referred to consisted of receiving income from said picture and in the transactions relating to stock in F.B.O. Productions, Inc., herein described.

5. On or about November 9, 1927, Currier and said Kennedy jointly purchased from one Powers 40,000 shares of said Class B common stock at $7.50 a share. On December 30, 1927, the Radio Corporation of America purchased 20,000 shares of F.B.O. Productions Class B Common treasury stock for $24.00 per share. As a part of the transaction with the Radio Corporation of America, Currier and Kennedy, being the holders of all of the outstanding voting stock of F.B.O. Productions, Inc., agreed to cause a reclassification of the stock of that corporation, so that the non-voting shares purchased by Radio should be given full voting power and dividend rights, and also that certain provisions relating to the preferred stock which were disadvantageous to common stockholders should be adjusted.

6. At a meeting of the board of directors of The Gower Street Company on January 6, 1928, upon motion duly made, seconded and carried it was

VOTED: That the corporation purchase from Joseph P. Kennedy and Guy W. Currier Ten thousand (10,000) shares of the common stock Class B of F.B.O. Productions, Inc. for the sum of sixty thousand (60,000) dollars, the same being the purchase price paid by said Kennedy and Currier to Messrs. Thompson and Poucher and to Miss Williams for the said ten thousand shares.

Upon motion duly made, seconded and carried, it was

VOTED: That on receipt of said ten thousand shares the treasurer be authorized and directed to sign on behalf of the corporation and to deliver to said Kennedy and Currier or their nominees a note or notes of the corporation payable on demand in the total sum of thirty thousand ($30,000) dollars.

Upon motion duly made, seconded and carried, it was

VOTED: That the corporation purchase from Joseph P. Kennedy and Guy W. Currier forty thousand (40,000) shares Class B common stock of F.B.O. Productions, Inc. at seven dollars and fifty cents ($7.50) per share, the same being the price at which said Kennedy and Currier have agreed to purchase said forty thousand shares from P. A. Powers.

Upon motion duly made, seconded and carried, it was

VOTED: That upon receipt of said forty thousand shares or any part thereof the treasurer be authorized and directed to sign on behalf of this corporation and deliver to said Kennedy and Currier or their nominees notes of the corporation at the rate of seven dollars and fifty cents ($7.50) per share for such stock as and when so received, to the aggregate amount of three hundred thousand (300,000) dollars for said forty thousand (40,000) shares.

The transaction as authorized by the above vote of January 6, 1928, was thereafter on the same date carried out by The Gower Street Company and Currier and Kennedy pursuant to and in accordance with the terms of the vote:

Currier and Kennedy delivered to The Gower Street Company the stock acquired as above set forth from Thompson, Poucher and Williams and also 20,000 out of the 40,000 shares acquired from Powers, receiving therefor notes of The Gower Street Company in an amount equal to the cost to them of the stock so transferred; and thereafter, on February 9, 1928, the taxpayer and Kennedy delivered to The Gower Street Company the remaining 20,000 shares acquired from Powers as aforesaid receiving therefor notes of the corporation in an amount equal to the cost to them of said 20,000 shares.

On February 15, 1928, the B. F. Keith Corporation purchased from The Gower Street Company the 40,000 shares last referred to for $15.00 per share. The B. F. Keith Corporation was also given an agreement as to reclassification similar to that with radio.

7. At a meeting of the board of directors of The Gower Street Company on February 15, 1928, upon motion duly made, seconded and unanimously carried it was

RESOLVED that the company buy from Joseph P. Kennedy and Guy W. Currier forty thousand (40,000) shares Common Stock Class A and eight thousand (8,000) shares Preferred Stock Class B of F.B.O. PRODUCTIONS, INC., now held under an agreement dated July 14, 1926 between Joseph P. Kennedy, and Guy W. Currier, Reserved Assets Company, Ltd. and The National City Bank; paying the sum of eight hundred and ninety thousand dollars ($890,000) in the form of its demand notes payable one-half to Joseph P. Kennedy and one-half to Guy W. Currier, as a part of the purchase price, and assuming and agreeing to pay said bank two hundred and seventy thousand dollars ($270,000) balance due under said agreement.

The transaction as authorized by the above resolution of February 15, 1928, was thereafter on the same date carried out by The Gower Street Company and Currier and Kennedy pursuant to and in accordance with the terms of the resolution:

Currier and Kennedy on February 15, 1928, delivered to The Gower Street Company the 40,000 shares of common stock, Class A, and the 8,000 shares of preferred stock, Class B, acquired by them as aforesaid under the terms of the said contract of February 5, 1926, receiving therefor notes of The Gower Street Company amounting to $445,000.00 each and in addition The Gower Street Company assumed a liability of $270,000.00 representing the unpaid balance of the purchase price of $1,160,000.00 for said shares of stock.

8. On March 1, 1928, The Gower Street Company sold to persons other than Currier and Kennedy 2,000 shares of the Class B common stock originally acquired from Thompson, Poucher and Williams, at $15.00 per share.

9. The Gower Street Company thereafter purchased from persons other than Currier and Kennedy 14,154 shares of the Class B common stock of F.B.O. Productions, Inc., including 3,500 shares purchased from one DeWitt at $7.00 per share, which in June 1928, were converted into the same number of shares of the new no-par-value common stock as hereinafter referred to in paragraph 10.

10. On June 9, 1928, following out the plan which had been agreed upon at the time of the sale of Class B common stock to Radio and Keith, the charter of F.B.O. Productions, Inc., was amended, the preference pertaining to the preferred stock was wiped out, and the 8,000 shares of such stock were converted into 55,475 shares of no-par-value common stock. At the same time the old common stock of both classes was converted into an equal number of shares of new no-par-value common stock.

11. As an incident to this change in capital structure the plan of recapitalization included giving to each holder of common stock, Class B, an opportunity to purchase at $15.00 per share, out of the new stock to be created by the conversion of the preferred stock, 35/100ths of a share of such new stock for each share of common stock, Class B, held by him. Pursuant thereto certain persons who availed themselves of this opportunity purchased 26,950 shares out of the 55,475 shares into which the preferred stock was converted.

12. On July 7, 1928, The Gower Street Company sold 5,000 shares of the no par value stock originally acquired from Thompson, Poucher and Williams at $15.00 per share.

13. On October 9, 1928, The Gower Street Company still had in its possession 3,000 shares of no par value, which were the shares converted from the old Class B common stock originally acquired by Currier and Kennedy on July 7, and November 18, 1926, 40,000 shares of no par value, which were the shares converted from the old Class A common stock originally purchased on February 5, 1926, and 28,525 out of 55,475 shares of no par value, which were the shares converted from the old Class B preferred stock originally purchased on February 5, 1926. It also had in its possession on October 9, 1928, 3,500 shares of no par value, which were the shares converted from the old Class B common stock acquired by The Gower Street Company from DeWitt. All of these shares of no par value stock except 25 shares thereof representing those purchased from DeWitt were delivered to Currier and Kennedy by The Gower Street Company. Currier thus received 37,500 shares, out of which 1,737 were from the DeWitt shares, 34,263 were from the shares purchased on February 5, 1926, and 1,500 were from the shares purchased from Thompson, Poucher and Williams on July 7, 1926, and November 18, 1926.

Prior to October 9, 1928, the notes given to Currier and Kennedy for the Thompson, Poucher and Williams stock and the Powers stock had been paid in full and the notes given by The Gower Street Company for the voting stock had been paid down to $149,657.79 each.

14. At a meeting of the board of directors of The Gower Street Company on October 4, 1928, on motion of one of the directors it was

RESOLVED that 37,500 shares of stock of F.B.O. Productions, Inc., be sold to Guy W. Currier and 37,500 shares be sold to Joseph P. Kennedy on the following terms and conditions. Said shares shall be sold at the cost of the first acquired 75,000 shares of F.B.O. Productions, Inc., in the treasury of the company as determined by the Treasurer; that said Kennedy and said Currier shall each surrender the notes of the company now in his possession and pay the balance of the purchase price by each executing his demand note payable to the Company for the required sum; and upon such surrender of said notes payable of this Company and receipt by the Treasurer of said notes receivable the Treasurer shall deliver said 37,500 shares of F.B.O. Productions, Inc., to Mr. Kennedy and upon the same condition shall deliver 37,500 shares to Mr. Currier.

The transaction as authorized by the above resolution of October 4, 1928, was thereafter on the ninth day of October 1928, carried out by The Gower Street Company and Currier and Kennedy pursuant to and in accordance with the terms of the resolution; there was no other vote or resolution of The Gower Street Company relative to this transaction:

The Gower Street Company delivered the shares of stock to Currier and Kennedy who in turn surrendered the notes of the company in their possession and executed their demand notes, the amount of Currier's note being $257,186.66. The aggregate amount of corporate notes cancelled and new notes given by the individuals was equal to the cost of The Gower Street Company of said shares which, except as to the shares purchased from DeWitt was the same as the original cost to Currier and Kennedy. Said aggregate amounted in all to $813,681.48 made up as follows:

| Number of shares of no par value stock | From whom purchased | Original cost to Currier and Kennedy |
|---|---|---|
| 3,000 | Converted from original purchase from Thompson, Poucher and Williams | $18,000.00 |
| 40,000 | Converted from original purchase of February 5, 1926 | 360,000.00 |
| 28,525 | Converted from preferred stock purchased February 5, 1926 | 411,356.48 |
| 3,475 | Converted from original purchase from DeWitt | [1] 24,325.00 |
| 75,000 | | $813,681.48 |

[1] Original cost to The Gower Street Company.

15. In this transaction Currier received shares of stock in the amounts and at a cost to him as follows:

| Number of shares of no par value stock | From whom purchased | Original cost to Currier and Kennedy |
|---|---|---|
| 1,500 | Converted from original purchase from Thompson, Poucher and Williams | $9,000.00 |
| 20,000 | Converted from original purchase of February 5, 1926 | 180,000.00 |
| 14,263 | Converted from preferred stock purchased February 5, 1926 | 205,685.45 |
| 1,737 | Converted from original purchase from DeWitt | [1] 12,159.00 |
| 37,500 | | $406,844.45 |

[1] Original cost to The Gower Street Company.

---

16. This transaction disposed of all the remaining stock acquired from Currier and Kennedy and left The Gower Street Company with 10,679 shares of the 14,154 shares acquired as recited in paragraph 9. These remaining shares were disposed of by The Gower Street Company to persons other than Currier and Kennedy during the year 1928. No dividends were declared by The Gower Street Company in or payable in the year 1928.

17. Throughout the entire period and until the early part of 1930, Currier and Kennedy held the 310 shares of the stock of The Gower Street Company, each holding 155 shares. No purchases or sales of this stock were ever made during this period. Each of the two held throughout a one-half interest in the company.

18. The shares of stock of F.B.O. Productions, Inc., received from The Gower Street Company on the transaction of October 9, 1928, had a fair market value on that date of $30.50 per share.

19. On November 25, 1928, Currier sold all of the said shares at a price of $35.00 per share.

20. In the income tax return filed by Currier for the taxable year 1928 with respect to the DeWitt shares set forth in paragraph 15, the excess of the selling price over the cost, in the amount of $48,636.00, was reported as ordinary net income subject to both normal and surtax. With respect to the other shares set forth in paragraph 15 the excess of the selling price over the cost, in the amount of $857,019.55, was reported as capital net gain.

21. Respondent in determining the deficiency in tax for the taxable year 1928 involved in this proceeding reduced the amount of $857,019.55 as set forth in paragraph 20 by $15,500.00 as representing the return to Currier of his investment in the stock of The Gower Street Company; and of the remainder of $841,519.55 included $295,778.85 as dividends subject to surtax only and $545,740.70 as ordinary net income subject to both normal and surtax.

By his affirmative allegations, the respondent claims that the entire amount of $857,019.55 should be included as ordinary net income subject to both normal and surtax.

Under section 101 of the Revenue Act of 1928, the gain, therein referred to as "capital net gain", upon the sale of capital assets is taxed at the 12½ percent rate. "Capital assets", as defined in section 101 (c) (8) of the Revenue Act of 1928, "means property held by the taxpayer for more than two years." Supplementing that definition are stated exceptions not material here.

The petitioner's contention that the decedent Currier sold "capital assets" on November 25, 1928, is unsupported by the record. We are asked to ignore the sales to the Gower Co. by the decedent and his associate, and the sale to them by the Gower Co., and to treat the period during which the Gower Co. held this stock as within the period that the decedent held the stock. This we can not do. It is to be noted that Currier and Kennedy did not exchange the F.B.O. corporation stock for stock in the Gower Co., but sold that stock to the Gower Co. at the cost to them—with no gain to them resulting. There were certain purchases from and sales to others than Currier and Kennedy by the Gower Co. To follow the petitioner's contention to its logical conclusions, the gain realized upon such

sales by the Gower Co. should have been taxed to the decedent and his associate. Cf. *Commonwealth Improvement Co.*, 20 B.T.A. 1189, 1194. The Gower Co. and its stockholders, although only two in number, were separate and distinct taxable entities and we can not ignore the formal transactions between them. *Burnet* v. *Commonwealth Improvement Co.*, 287 U.S. 415. In these circumstances, we hold that Currier purchased stock on October 9, 1928, for a total consideration of $406,844.45, and that when he sold this stock on November 25, 1928, at a price of $35 per share he realized a gain, taxable at both normal and surtax rates, since he had held the stock less than two years. Cf. *William Kempton Johnson*, 17 B.T.A. 611; affd., 52 Fed. (2d) 727.

Since the Gower Co. neither declared nor paid any dividends in 1928 and since the decedent's capital investment in that company was not liquidated during the taxable year, the respondent's affirmative allegations that he erred in determining the deficiency in the manner stated in paragraph 21 of the stipulation are sustained.

*Judgment will be entered under Rule 50.*