*Decision will be entered under Rule 50.*

HARRY G. HASKELL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72662.   Promulgated May 31, 1934.

*William S. Gregg, Esq.*, for the petitioner.
*S. L. Young, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that the 7,000 shares of the common stock of E. I. du Pont de Nemours & Co. were acquired by specific bequest and that, since he was the sole legatee and entitled to the entire estate under the will, he acquired substantial ownership of the entire estate, including the shares of stock, at the date of the death of his wife, May 12, 1929, and that the value on that date is to be used in determining the loss on the sale thereof. The respondent contends that the petitioner acquired the shares of stock by general bequest and that the value thereof on the date they were actually transferred to him, April 14, 1930, is to be used in determining the loss on the sale.

Section 113 (a) of the Revenue Act of 1928 provides in part as follows:

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer.

If as the petitioner contends the shares of stock were acquired by specific bequest, the basis for determining the profit or loss from the sale thereof is their fair market value at the time of the death of the petitioner's wife. If as the respondent contends they were acquired by general bequest, the basis is the fair market value at the time they were distributed to the petitioner.

With respect to the characteristics of general and special legacies, the Supreme Court, in *Kenaday* v. *Sinnott*, 179 U.S. 606, said:

Williams says in reference to the different kinds of legacies that: "A legacy is general when it is so given as not to amount to a bequest of a particular thing or money of the testator, distinguished from all others of the same kind. A legacy is specific when it is a bequest of a specified part of the testator's personal estate, which is so distinguished . . . A legacy of quantity is ordinarily a general legacy; but there are legacies of quantity *in the nature* of specific legacies, as of such money, with reference to a particular fund for payment. This kind of legacy is called by the civilians a demonstrative legacy; and it is so far general, and differs so much in effect from one properly specific, that if the fund be called in or fail, the legatee will not be deprived of his legacy, but be permitted to receive it out of the general assets; yet the legacy is so far specific, that it will not be liable to abate with general legacies upon

a deficiency of assets." Vol. 2, p. 1158. And he adds: "The courts in general are averse from construing legacies to be specific; and the intention of the testator, with reference to the thing bequeathed, must be clear."

Bouvier's Law Dictionary contains the following with respect to general and specific legacies:

A *general legacy* is one so given as not to amount to a bequest of a particular thing or money, of a particular fund, distinguished from all others of the same kind; 1 Rop. Leg. 170; *Tifft* v. *Porter*, 8 N.Y. 516; 6 Madd. 92. It is a gift of quantity, merely, and embraces all bequests, not specific or demonstrative; *Kelly* v. *Richardson*, 100 Ala. 584, 13 South. 785.

A *specific legacy* is a bequest of a specified part of the testator's personal estate, distinguished from all others of the same kind; 3 Beav. 349; *Bradford* v. *Haynes*, 20 Me. 105; *In re Walker's Estate*, 3 Rawle (Pa.) 237; *Perkins* v. *Mathes*, 49 N. H. 107; L. R. 20 Eq. 304; *Kahl* v. *Schober*, 35 N. J. Eq. 461; *Johnson* v. *Goss*, 128 Mass. 433. * * * A specific legacy may be of animals or inanimate things, provided they are specified and separated from all other things, as money in a bag, or money marked and so described: as, I give two eagles to A. B. on which are engraved the initials of my name. Such a legacy may also be given out of a general fund; 4 Ves. 565.

By provisions set forth in the most general language the wife of the petitioner in her will, after providing for the payment of her debts and funeral expenses, gave, devised, and bequeathed to the petitioner " all the estate, real and personal, wherever situated," which she owned or in which she had an interest at the time of her death. The will was made by her in June 1923, or approximately six years prior to her death in May 1929. The record does not disclose what property she owned or contemplated acquiring at the time of making her will, nor is there anything to indicate when she acquired the shares of stock in controversy. So far as the evidence shows she might have acquired them only a few days prior to her death and as the result of a decision reached at or about that time. Under such circumstances it would be far-fetched to hold that they constituted a specific legacy. No particular or specific property owned by the petitioner's wife at the time of her death was, by the terms of the will, left to the petitioner. He was to take all that remained after payment of debts and funeral expenses and there was no limitation or restriction respecting what property or the order in which any of the property should be used in the payment of these. That was left entirely in the hands of the petitioner as sole executor of her will. If for any cause the petitioner had resigned or had been removed as executor of the will there was no particular or specific property which, as sole legatee, he could have made demand for upon settlement of the estate. In our opinion what the petitioner received under the terms of the will of his wife was a general legacy and not a specific legacy.

The petitioner urges that, since he was the sole executor of the will and the sole legatee thereunder, property distributed to him upon the settlement of the estate is to be considered and treated as property received by special bequest just as if it had been enumerated as such in the will of the decedent, since as a matter of substance and for all practical purposes the property had vested in him immediately upon the death of the wife. In support of this contention the petitioner relies on the following statements contained in the report of the Senate Finance Committee on the Revenue Bill of 1928:

Accordingly, the committee has revised section 113 (a) (5) and certain related sections, so as to provide that in the case of a specific bequest of personalty or a general or specific devise of realty, or the transmission of realty by intestacy, the basis shall be the fair market value at the time of the death of the decedent. In these cases it may be said, as a matter of substance, that the property for all practical purposes vests in the beneficiary immediately upon the decedent's death, and therefore the value at the date of death is a proper basis for the determination of gain or loss to the beneficiary. The same rule is applied to real and personal property transmitted by the decedent, where the sale is made by the executor. In all other cases the basis is the fair market value of the property at the time of the distribution to the taxpayer. The latter rule would obtain, for example, in the case of personal property not transmitted to the beneficiary by specific bequest, but by general bequest or by intestacy. It would also apply in cases where the executor purchases property and distributes it to the beneficiary.

While the foregoing statements may give the reason prompting the enactment of the provisions of the act here involved, we do not think they warrant an extension of the provisions to matters not covered therein. The shares of stock here in controversy constitute personal property received by the petitioner under a general bequest and not under a specific bequest. Under the specific terms of section 113 (a) (5) the profit or loss from the sale thereof is to be determined upon the basis of their fair market value at the time of distribution to the petitioner. We do not think that the particular circumstances here involved, under which no one except the petitioner was to share in the estate of the petitioner's wife, afford a basis for holding that the shares of stock are to be considered and treated as having been acquired by specific bequest and that the fair market value thereof at the time of the death of the decedent is to be used as the basis for determining the profit or loss from the sale thereof. While the statements contained in the committee report might have justified the enactment of a provision that in case of property acquired by a sole legatee the basis for determining profit or loss from the sale thereof should be the fair market value of such property at the time of the death of the decedent, the fact remains that such provision was not enacted. The absence of such enactment affords no basis for con-

struing some other provision of the act which is clearly to the contrary as meaning what such enactment would mean. In view of the foregoing the action of the respondent is sustained.

The petitioner contends that if we hold that under section 113 (a) (5) the contention of the respondent should be sustained then the provisions of the section must be held to be unconstitutional and void because of an arbitrary, unreasonable, and unjust discrimination between taxpayers.

In section 113 (a) (5) Congress provided with respect to personal property acquired by specific devise that the basis for determining gain or loss on the sale thereof should be its fair market value at the time of the death of the decedent, and that with respect to personal property in all other cases the basis should be its fair market value at the time of distribution to the taxpayer. In his brief the petitioner states that he is not contending that the distinction in treatment thus made between specific and general bequests is unconstitutional in those cases where there are two or more legatees under a will, but does contend that, if the provisions of section 113 (a) (5) are construed as requiring, under the will and facts here involved, that the shares of stock were not acquired by specific bequest and that the date for determining the fair market value of such shares was not the date of the death of the decedent, then such construction or interpretation of the section renders it unconstitutional as to the present case.

Section 113 (a) (5) does not in any wise attempt to define either specific or general bequests. It only lays down certain rules that are to be applied in cases involving these classes of bequests. So far as we are able to determine, Congress intended that the terms specific bequest and general bequest or devise were to be given their ordinary and commonly accepted meaning, and it is such meaning that we have considered in determining that the shares of stock here involved were received by the petitioner as a general bequest. As the petitioner is not attacking the classification contained in the section, but argues that since in the instant case the decedent made him the sole legatee of her will the shares of stock, under the circumstances, should be held to be property that was acquired by specific bequest, we fail to see where the question of constitutionality is involved. Congress has the power to provide that in determining gain or loss from the sale of property acquired by gift the basis shall be the cost of the property to the preceding donor. *Taft* v. *Bowers*, 278 U.S. 470; *Richard T. Keeley*, 15 B.T.A. 804; *Magdeline McKinney*, 16 B.T.A. 804. We therefore see no valid reason why Congress may not provide that in determining gain or loss from the sale of property acquired under a will the basis shall be its fair market value at the time of its distribution to the taxpayer, as was proposed by the respondent in this

case and as has been sustained by us. As was pointed out in *Ralph W. Harbison*, 26 B.T.A. 896, the classification established in section 113 (a) (5) was for the purpose of making definite and certain the basis to be used in ascertaining gain or loss and to avoid doubt as to what was meant by the date of acquisition.

If the decedent's will had been worded differently by specifically providing that the shares of stock in controversy were to go to the petitioner, the contention of the petitioner for the relief here sought would have to be sustained. But as indicated above the will did not so provide. Congress has made different provisions to cover situations arising from wills with different wordings and effects. This we think Congress had the power to do. Because the petitioner finds himself in a situation resulting from the language used in his wife's will which is not as advantageous as if different language had been used does not in our opinion warrant a holding that the operation of the act is unconstitutional. We fail to see anything arbitrary or capricious in the classifications made by Congress in section 113 (a) (5) and find in them nothing that works unreasonable or unjust discriminations between taxpayers.

*Judgment will be entered under Rule 50.*